UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN DAVID OGLESBY, SR.                               CIVIL ACTION

VERSUS                                                 NO. 09-3593

MARLON T. GUSMAN ET AL.                                SECTION "R" (2)

# REPORT AND RECOMMENDATION

Plaintiff, Brian David Oglesby, Sr., is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin N. Gusman (erroneously identified by plaintiff as "Marlon T. Gusman"), Warden Jenkins and Major Jones alleging that he has been denied access to rehabilitation programs and seeking transfer to another prison facility. Record Doc. No. 1, Complaint at ¶¶ IV and V.

Specifically, plaintiff states that "Sheriff Gusman has failed to provide me as a prisoner the necessary treatment programs to eventually return me as a productive citizen in the State of Louisiana. Orleans Parish Prison currently has NO rehabilitation programs all though (sic) Dept. of Correction[s] prisoners are housed here." In the relief portion of his complaint, plaintiff states that he wants to be "transferred to a camp that has treatment programs in place" and that "[b]eing in O.P.P. is detrimental to my efforts at

my personal rehabilitation."  Plaintiff requests "expedious (sic) transfer" and further states that he "want[s] a chance to better" himself and become a productive citizen upon his release from incarceration.  Id.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

## II. NO RIGHT TO REHABILITATION

Oglesby complains that he has not been provided with rehabilitation opportunities while housed in OPP. This complaint is legally frivolous and wholly fails to state a claim. Inmates have no protected liberty interest in specific recreational, educational or rehabilitative opportunities. Lato v. Attorney Gen., 773 F. Supp. 973, 978 (W.D. Tex. 1991).

As to educational or rehabilitative services, "a state has no constitutional obligation to provide basic educational or vocational training to prisoners." Beck v. Lynaugh, 842 F.2d 757, 762 (5th Cir. 1988) (citing Newman v. Alabama, 559 F.2d 283, 292 (5th Cir. 1977), rev'd in part on other grounds sub nom. Alabama v. Pugh, 438 U.S. 781 (1978)); accord Miles v. Windham Sch. Dist., 78 Fed. Appx. 418, 2003 WL 22408345, at *1 (5th Cir. 2003); Honshul v. Foti, 51 F.3d 1045, 1995 WL 153425, at *2 (5th Cir. 1995). Prisoners have no constitutional right to participate in educational, work release or other rehabilitation programs, particularly when no such programs exist at the facility. Joseph v. U.S. Fed. Bureau of Prisons, 232 F.3d 901, 2000 WL 1532783, at *1-2 (10th Cir. Oct. 16, 2000) (unpubl. opin. avail. on Westlaw); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); Newman v. Alabama, 559 F.2d 283, 292 (5th Cir. 1977), rev'd in part on other grounds sub nom. Alabama v. Pugh, 438 U.S. 781 (1978); Oladipupo v. Austin, 104 F. Supp.2d

626, 638 (W.D. La. 2000). "Prisons are not educational institutions; there is no federal constitutional right to participate in a prison educational program." Burnette v. Phelps, 621 F. Supp. 1157, 1159 (M.D. La. 1985), (quoting Newman, 559 F. 2d at 292.)

Because Oglesby has no constitutional right to educational or rehabilitative services or programs, he fails to state claims cognizable under Section 1983.

III.     NO RIGHT TO TRANSFER

Plaintiff seeks speedy transfer to a facility "that has treatment programs in place." It is clear that a prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski, 55 F.3d at 162; Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

Constitutionally protected liberty interests may be created not only by the Constitution itself, however, but also by state law. Not every state statute creates a liberty interest protected by the Constitution and cognizable under Section 1983. On the contrary, a state statute creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the

life, liberty or property of citizens. Olim, 461 U.S. at 249; Jackson, 864 F.2d at 1250. Thus, state statutes that vest officials with broad discretion to carry out their official functions do not create constitutionally protected interests that may form the basis for an action under Section 1983. See Olim, 461 U.S. at 249-50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

In the instant case, Oglesby's claim that he is entitled to be housed in a DOC prison facility with rehabilitation programs rather than in OPP is governed by the related Louisiana statutes, La. Rev. Stat. § 15:566(B) and 15:824(B), that set forth the circumstances under which prisoners convicted of state criminal offenses are to be sent to DOC facilities from parish jails, and the myriad exceptions under which they may remain in parish facilities. These statutes vest extremely broad discretion in the DOC officials who are responsible for the placement of state prisoners. As one Louisiana appellate court stated, in interpreting La. Rev. Stat. § 15:824 and vacating the order of a trial judge who attempted to require that the DOC remove convicted state prisoners from OPP to a DOC facility,

> This statute clearly envisions that the Department of Corrections <u>may be unwilling or unable</u> to take physical custody of prisoners sentenced to hard labor. In such an event, the department is obligated to pay the local sheriff or jailer for the costs of keeping such a prisoner . . . . The legislature by these enactments has manifested a <u>clear intent to leave the physical placement of prisoners within the jurisdiction of the DOC alone</u>.

<u>State v. Sylvester</u>, 648 So.2d 31, 33 (La. App. 4th Cir. 1994) (emphasis added).

Thus, the State of Louisiana by its broadly discretionary statutes has <u>not</u> created a protected liberty interest in being housed in a particular prison or being transferred from OPP to a DOC facility. Oglesby has no constitutional right to be housed in a DOC prison facility, under either the Constitution or state law. This claim is legally frivolous and fails to state a cognizable Section 1983 claim.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        New Orleans, Louisiana, this   27th   day of May, 2009.

                                      JOSEPH C. WILKINSON, JR.
                            UNITED STATES MAGISTRATE JUDGE